McKinney, J.
delivered the opinion of the court.
On the 26th of October, 1841, the defendant, W. S. Olliver, made a conveyance of certain real and personal property to Isaac A. Olliver, in trust, for the separate use and benefit, and for the support and maintenance of the wife of the former, which was shortly afterwards proved and registered in the mode prescribed by law. It appears from the proof, in the record, that the defendant, William, was free from debt, at the time of the execution of the conveyance, and there is no evidence, except that supposed to exist upon the face of the deed, of any purpose, or intention at the time, on his part, to contract future debts, or liabilities: nor does it appear, from any thing in the record, that any subsequent debts were created by him; except the physician’s bill, due to the complainant, which occurred some considerable length of time after the conveyance, and which cannot reasonably be supposed to *565 have been contemplated at the date of the conveyance. It further appears, that at the time the debt to the complainant was contracted, he had not only constructive but actual notice of the existence of the deed of settlement.
It is attempted, however, in the argument here, to impeach the conveyance, upon the ground, that it is apparent, from the face of the deed, that it was made for the grantor’s own benefit, and with the view to defraud bis future creditors.
This proposition cannot, in our opinion, be maintained in this case; and, we think, it would be very difficult to maintain it in any case, where the husband was not indebted at the time of the conveyance, in the absence of clear and satisfactory proof, aliunde, of an actual intent to defraud subsequent creditors. Because, the deed being required to be registered, is constructive notice to all persons of its existence : those who deal with the husband, after the execution of the deed, have the means of acquiring full knowledge, and are charged with knowledge, at their peril, of the true condition and title of the property of which he may be the ostensible owner, and if they trust him upon the faith of such visible ownership, it is the fault of their own indiscretion and want of vigilance, but they cannot, in any proper sense of the term, be said to have been defrauded.
But this consideration aside, the circumstances or badges of fraud relied upon, are insufficient, in our opinion, to afféct the validity of the deed.
Whether the conveyance embraced all the estate of the grantor as is alleged, does not appear' from anything in the record before us, but admitting that it did, this of itself would not make it fraudulent. It is well settled, that a person not indebted at the time, may make a *566 voluntary settlement for the benefit o'f a wife or child, and if not made with a view to his being indebted in future, it will be good. And, as is said in the case of Sexton vs. Wheaton, 8 Wheat., 229, it a man has a right to make a,voluntary settlement of a part of his estate, it is difficult to say how much of it he may settle. The magnitude of the estate conveyed may awaken suspicion and strengthen other circumstances, but taken alone it cannot be considered as proof of fraud.
The four hundred dollars in cash, delivered to the trustee and directed to be paid to the wife, together with all such other sums of money as might be collected upon the accounts transferred, “ to be used at her discretion,” would not again become the property of the husband. To the extent stipulated in the deed, the husband has voluntarily abridged his marital right, or rather, has conferred upon his wife the power of acting as a feme sole, and in that character the money would be received by her from the trustee, free from, and in exclusion of, the husband’s marital right. True, she might in this, as in every case, give it to the husband, or to another, and this right, if compatible with the power conferred upon her, in the deed, cannot be controlled.
We do not perceive how the provision contained in the deed, that such part of the property, conveyed therein, as might remain undisposed of, at the death of the wife, should revert to the husband in the event he survived her, can be regarded as evidence of a fraudulent intent in reference to subsequent creditors.
If the deed would have been good without the provision, certainly it will not be vitiated by it, and subsequent creditors who may, by probability, derive a benefit from it *567 have less to complain of than if a contrary disposition had been made of the property.
Whether or not this provision secures to the husband any thing more than the law, in its absence, would have secured to him is a question which need not now be considered.
The decree of the Chancellor, dismissing the bill, is affirmed.